196 N.J. Super. 258 (1984)
482 A.2d 183
IN THE MATTER OF TOWNSHIP OF BRIDGEWATER, PETITIONER-RESPONDENT,
v.
P.B.A. LOCAL 174, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1984.
Decided October 1, 1984.
*259 Before Judges ANTELL and J.H. COLEMAN.
John R. Lanza argued the cause for appellant (Thatcher & Lanza, attorneys; Mr. Lanza, on the brief).
Ellen O'Connell argued the cause for respondent Twp. of Bridgewater (Lanigan, O'Connell & Chazin, attorneys; Ms. O'Connell, on the brief).
Don Horowitz, Deputy General Counsel, attorney for Public Employment Relations Commission, filed statement in lieu of brief (Mr. Horowitz, on the statement).
The opinion of the court was delivered by J.H. COLEMAN, J.A.D.
*260 The novel issue presented in this appeal is whether the test criteria for physical fitness and agility for existing police officers in a non-Civil Service municipality is negotiable. Bridgewater Township (Township) filed a scope of negotiation petition with the New Jersey Public Employment Relations Commission (PERC) seeking a determination of PBA LOCAL 174's (PBA) request to negotiate the criteria for the Township's semi-annual physical fitness and agility test. PERC determined the "elimination and reformation of the physical fitness and agility test are not mandatory subjects of negotiations and may not be submitted to interest arbitration." PBA has appealed, urging "because the physical fitness and agility test events are procedures to measure physical fitness and agility, the public employer's test is a negotiable issue for collective bargaining." We disagree and affirm.
Since the mid-1960's the Township, a non-Civil Service municipality, has required police officers to take a physical fitness and agility examination semi-annually. The examination consists of: (1) pushing a car for 30 feet in twenty-one and one-half seconds, (2) climbing a four feet wall in 15 seconds, (3) dragging an 80 to 90 pound dummy for 50 feet in 20 seconds, and (4) running a quarter of a mile in between 120 and 240 seconds. Between 1978 and 1983, several police officers have been injured in various degrees while performing these tests or the predecessor tests. While some of the injuries were relatively serious, none appear to have been life threatening.
The Township contends that the test criteria are job-related. It argues that the car push is necessary because officers are frequently required to push disabled vehicles; the fence climb is essential because officers are frequently required to climb fences in their efforts to apprehend fleeing suspects; dragging a simulated body is necessary because officers are often required to pull people from their motor vehicles, and the quarter mile run is necessary to insure officers are in shape to chase *261 after fleeing suspects. The test requirements have been approved by a physician trained in sports medicine who concluded that the requirements were job-related and reasonably safe.
The PBA contends that both the test and its contents predominately relate to procedures to evaluate an officer's physical fitness. It urges that the test requirements relate to health and safety factors and are therefore mandatorily negotiable.
The test for determining whether a subject is mandatorily negotiable was succinctly stated in In re IFPTE Local 95 v. State, 88 N.J. 393 (1982). There it was stated
... a subject is negotiable between public employers and employees when (1) the item intimately and directly affects the work and welfare of public employees; (2) the subject has not been fully or partially preempted by statute or regulation; and (3) a negotiated agreement would not significantly interfere with the determination of the governmental policy. To decide whether a negotiated agreement would significantly interfere with the determination of governmental policy, it is necessary to balance the interest of the public employees and the public employer. When the dominant concern is the government's managerial prerogative to determine policy, a subject may not be included in collective negotiations even though it may intimately affect employees' working conditions. [88 N.J. at 404-405]
See also Teaneck Bd. of Educ. v. Teaneck Teachers Ass'n, 94 N.J. 9, 14 (1983).
The Township does not dispute that the test intimately and directly affects the work and welfare of public employees. Nor does it suggest that the test criteria for physical fitness and agility have been fully or partially preempted by statute or regulation. Rather, the Township contends that a negotiated agreement would significantly interfere with the determination of governmental policy since the test criteria relate to job qualification. The PBA, on the other hand, contends that the dominant concern is the health, safety and welfare of the police officers.
We agree with PERC that the physical fitness and agility test deals with qualifications bearing on the police officers' ability to do their jobs  whether a police officer is physically fit to perform as a police officer. See State v. State Supervisory Employees Association, 78 N.J. 54, 90-92 (1978). *262 Here, the test criteria are directly related to the Township's right to establish and require that its police officers will be physically fit to perform their expected assignments, whether that be apprehending a criminal suspect or assisting at the scene of an accident. Consequently, we agree that PERC properly performed its responsibility in balancing the interest of the public employees and the public employer. After performing that balancing test, PERC concluded the predominant interest in this case is the employer's right to determine the qualifications necessary to do police work and to determine whether its police officers meet those qualification. Both before PERC and before us, the Township concedes that those aspects of the test which relate to procedural matters are mandatorily negotiable. Consequently, the decision by PERC is not arbitrary or capricious. See State v. Prof. Assoc. of N.J. Dept. of Education, 64 N.J. 231, 258-259 (1974).
The decision of PERC determining that the test criteria for physical fitness and agility is nonnegotiable and nonarbitrable is affirmed.